UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRISTINA APONTE,

Plaintiff,

v.

SPRING OAKS CAPITAL, LLC and SPRING OAKS CAPITAL SPV, LLC,

Defendants.

26 Civ. 2780 (DEH) (OTW)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Cristina Aponte asserts claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and New York General Business Law ("NY GBL") § 349 against Defendants Spring Oaks Capital, LLC ("SOC") and Spring Oaks Capital SPV, LLC ("SOC SPV"). On April 13, 2026, Defendants filed a Motion to Dismiss. ECF No. 4. On June 15, 2026, Plaintiff filed a motion for an extension of time to respond, seeking a deadline of two weeks from entry of the Court's order granting the extension. ECF No. 8. On July 22, 2026, Magistrate Judge Wang granted the request *nunc pro tunc*, ECF No. 9, which made Plaintiff's deadline to respond to the Motion to Dismiss August 5, 2026. More than two months have passed, and no response has been filed. The Court therefore treats the Motion as unopposed and, for the reasons set forth below, the motion is **GRANTED**.

**BACKGROUND**

The basic facts underlying Ms. Aponte's claim, which are assumed true for purposes of adjudicating this motion, *see Buon v. Spindler*, 65 F.4th 64, 69 n.1 (2d Cir. 2023), are as follows. Ms. Aponte held a personal account with Celtic Bank, and at one point allegedly incurred a debt on it. *See* Compl. ¶ 38, ECF No. 1-1. The Complaint does not directly state this, but it implies that this led Celtic Bank to report negative information about the account to credit reporting

agencies. At some point, however, Celtic Bank ceased reporting such negative information regarding the account to credit reporting agencies. *Id.* ¶ 65.

Defendant SOC SPV acquired Ms. Aponte's account, and then through Defendant SOC, "began reporting negative information regarding the Celtic account to the credit reporting agencies." *Id.* ¶ 46. When this happened, Ms. Aponte's "credit score was negatively impacted a second time because the algorithm of the credit reporting agencies understood the Defendants['] reporting to be a new negative report." *Id.* ¶ 68. Ms. Aponte contends that Defendants did this "as a way to coerce [her] into paying Defendants for debts not owed to Defendants." *Id.* ¶ 69. She further alleges that she was forced to spend time and money learning about her rights to dispute inaccurate and/or misleading information reported on her credit reports and disputing her reports with credit reporting agencies, which eventually led to the agencies deleting the information reported by Defendants. *See id.* ¶¶ 79-81. However, Ms. Aponte continues to suffer from a damaged credit score as a result of these events. *See id.* ¶ 82.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[1] In assessing the complaint, "[a court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id.* at 106-07. The Court must, however, disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

Where, as here, the Court is presented with an unopposed motion to dismiss, "the plaintiff's failure to respond to a Rule 12(b)(6) motion does not [automatically] warrant dismissal" because "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000). Rather, "[i]n deciding an unopposed motion to dismiss, a court is to assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007).

**DISCUSSION**

Despite being granted an extension of time to oppose the Motion to Dismiss through August 6, 2026, *see* ECF No. 9, no such opposition has been filed as of the date of this Order. Nevertheless, the Court considers whether Ms. Aponte's allegations are sufficient to support her claims.

## I. New York General Business Law § 349

NY GBL § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce." To state a claim under the statute, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Wynn v. Topco Assocs., LLC*, No. 19 Civ. 11104, 2021 WL 168541, at *2 (S.D.N.Y. Jan. 19, 2021). Here, Ms. Aponte fails to allege the second element. She does not state that Defendants, in reporting the debt on her Celtic Bank account, engaged in materially misleading conduct (for example, she does not allege that the debt did not actually exist). Rather, she alleges that the credit reporting agencies incorrectly "understood the Defendants['] reporting to be a new negative report." Compl. ¶ 68. But that appears to be an allegation about the credit reporting agencies' misunderstanding of the nature of

the information that was reported to them, not an allegation that the information itself was misleading in some way. Without any allegations suggesting how the information that was reported was in some sense misleading, the Court cannot conclude that Ms. Aponte has stated a claim under NY GBL § 349. Accordingly, this claim is **DISMISSED**.

## II. Fair Debt Collection Practice Act.

"To state a[n] FDCPA claim, a plaintiff must show that: (1) she has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Ogbon v. Beneficial Credit Servs., Inc.*, No. 10 Civ. 3760, 2011 WL 347222, at *4 (S.D.N.Y. Feb. 1, 2011). There appears to be no dispute as to the first two elements of the claim—i.e., that Ms. Aponte was the object of collection activity arising from consumer debt, and that Defendants are debt collection agencies.

As to the third element, a violation of the FDCPA, Ms. Aponte alleges that Defendants violated Sections 1692d, 1692e, and 1692f of the statute. *See* Compl. ¶ 121. The Court considers these provisions in turn.

**Section 1692d** provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," including "[t]he publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency." But this prohibition does not apply to reporting debts to a credit reporting agency. Such reporting is "expressly permitted under § 1692d(3), and is among the options a debt collector may choose to encourage repayment of a debt." *Fashakin v. Nextel Commc'ns*, No. 05 Civ. 3080, 2009 WL 790350, at *9 (E.D.N.Y. Mar. 25, 2009).

**Section 1692e** provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." But as noted above with respect to Ms. Aponte's NY GBL claim, she has failed to allege any false or misleading representation made by Defendants.

**Section 1692f** provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The statute does not define what constitutes unfair or unconscionable means, but courts in this District have held that "where the allegations do not identify any misconduct beyond that which plaintiff asserts violates other provisions of the FDCPA, plaintiff has not stated a claim for relief under Section 1692f." *Duran v. Midland Credit Mgmt., Inc.*, No. 15 Civ. 5940, 2016 WL 3661538, at *5 (S.D.N.Y. June 30, 2016). As explained above, Ms. Aponte has not stated a violation of any other provision of the FDCPA.

Accordingly, because she has not alleged the third element of an FDCPA claim—i.e., a violation of the statute by Defendants—this claim is **DISMISSED**.

## CONCLUSION

For the reasons stated above, the motion to dismiss is **GRANTED**. Because "[d]ismissals for failure to state a claim . . . are generally with prejudice," *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022), and in light of Ms. Aponte's failure to oppose the Motion, this case is **DISMISSED WITH PREJUDICE.**

The Clerk of Court is respectfully directed to terminate ECF No. 4 and to close this case.

SO ORDERED.

Dated: October 13, 2026
New York, New York

DALE E. HO
United States District Judge